NUMBER 13-03-645-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

LOS ANGELES CHEMICAL COMPANY,                                Appellant,

v.

ALICIA ACEVEDO, ET AL.,                                                Appellees.
___________________________________________________________________

On appeal from the 332nd District Court 
of Hidalgo County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo
Opinion by Justice Rodriguez

         Appellant, Los Angeles Chemical Company, brings this accelerated interlocutory
appeal following the trial court’s denial of its special appearance.


 By one issue,
appellant contends the trial court erred in denying its special appearance and in
exercising jurisdiction over appellant. We affirm. 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.II. STANDARD OF REVIEW
         Whether a court has personal jurisdiction over a defendant is a question of law. 
Am. Type Culture Collection v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002). But in
resolving this question of law, a trial court must frequently resolve questions of fact. 
Id. When, as in this case, a trial court does not issue findings of fact and conclusions
of law, all facts necessary to support the judgment and supported by the evidence are
implied. BMC Software Belgium, N.V. v. Marchland, 83 S.W.3d 789, 795 (Tex.
2002); Valsangiacomo v. Am. Juice Import, Inc., 35 S.W.3d 201, 205 (Tex.
App.–Corpus Christi 2000, no pet.). However, when the appellate record includes the
reporter’s and clerk’s records, these implied findings are not conclusive and may be
challenged for legal and factual sufficiency. Id. 
         The plaintiff bears the initial burden of pleading allegations sufficient to bring a
nonresident defendant within the personal jurisdiction of the State of Texas. Am.
Type Culture Collection, 83 S.W.3d at 807; Jackson v. Kincaid, 122 S.W.3d 440, 445
(Tex. App.–Corpus Christi 2003, no pet. h.). A nonresident defendant filing a special
appearance assumes the burden to negate all bases of personal jurisdiction alleged by
the plaintiff. Am. Type Culture Collection, 83 S.W.3d at 807; EMI Music Mex., S.A.
de C.V. v. Rodriguez, 97 S.W.3d 847, 853 (Tex. App.–Corpus Christi 2003, no pet.). 
Once the defendant produces credible evidence negating all bases of jurisdiction, the
plaintiff bears the ultimate burden to establish that the Texas court has personal
jurisdiction over the defendant as a matter of law. M.G.M. Grand Hotel v. Castro, 8
S.W.3d 403, 408 (Tex. App.–Corpus Christi 1999, no pet.).
III. ANALYSIS
         In its sole issue, appellant contends that the trial court erred in denying its
special appearance. Specifically, appellant argues that it produced credible evidence
negating all bases of jurisdiction, and that appellees failed to meet their burden to
establish that the court has jurisdiction over appellant as a matter of law. 
         Appellant’s special appearance was filed in response to appellees’ eighth
amended petition in which they alleged appellant did business in Texas; that it sold
pesticides to the Hayes-Sammons facility from the 1950s until 1967; and that as a
result of these sales, appellees suffered both personal injury and property damages. 
In support of its special appearance, appellant submitted the affidavit of Jeff Miller, its
corporate counsel since 1991. This affidavit affirmatively shows Miller’s competence
to make an affidavit and provides that the statements of facts set forth in the affidavit
are based on his personal knowledge and his review of corporate documents. In
regard to appellant’s connections with Texas, he states:
2. L.A. Chemical Company is a California Corporation with offices at
4545 Ardine Street, South Gate, California. L.A. Chemical Company
does not now have and has never had offices or agents in the state of
Texas. L.A. Chemical Company does not now and never has owned real
estate in the state of Texas and maintains no bank accounts in the state
of Texas.
 
3. L.A. Chemical Company’s sales records and database of customers
reflect that there are no sales to customers in Texas, including any of the
Hayes-Sammons et al defendants as named in Plaintiffs’ Eighth Amended
Petition and, specifically, that there are no sales to any entity in Mission
or Sharyland, Texas. L.A. Chemical Company’s customer database and
sales records also reflect that it has not sold any product to any of the
named Hayes-Sammons defendants in any other state, with the
exception of three sales to Helena Chemical Company in year 2002, in
Kerman California.
 
4. L.A. Chemical Company does not market products into the State of
Texas, directly or indirectly. More specifically, it does not advertise its
products for sale in the State of Texas and does not advertise its
products for sale in any publication intended for nationwide distribution. 
L.A. Chemical Company’s sole advertising is in the telephone yellow
pages for the local calling area for each of its branches. L.A. Chemical
Company does not have any branches in the State of Texas. 

         Appellees argue that this affidavit fails to negate all bases of personal
jurisdiction because it does not address the specific time period alleged in the petition. 
We agree. The burden is on appellant to negate all bases of jurisdiction alleged. Am.
Type Culture Collection, 83 S.W.3d at 807; EMI Music Mex., 97 S.W.3d at 853. In
this case, the acts of appellant alleged to give rise to jurisdiction occurred from the
1950's until 1967. However, Miller’s affidavit does not address appellant’s sales and
marketing activities with regard to Texas during this time period. The affidavit states
that “sales records and database of customers reflect that there are no sales to
customers in Texas” and that “L.A. Chemical does not market products into the State
of Texas.” (Emphasis added.) These particular statements are stated in the present
tense and only reference appellant’s current activities. Because the affidavit does not
address the sales and marketing activities of appellant from the 1950's until 1967,
it fails to negate the basis of jurisdiction alleged in the petition. 
         Appellant responds to this argument by stating that the sales records and
database of customers necessarily includes past as well as current sales and
customers. However, in analyzing the language used in other portions of the
affidavit, it is clear Miller intended to distinguish between appellant’s past and
present activities. In paragraph two of the affidavit, Miller states “L.A. Chemical
Company does not now have and has never had offices or agents in the state of
Texas. L.A. Chemical Company does not now and never has owned real estate in
the [S]tate of Texas. . . .” These statements, unlike the ones addressing sales and
marketing in Texas, clearly include both past and present activities. The different
language used leads this Court to the conclusion that the affidavit was meant only
to address appellant’s current sales and marketing activities in Texas. 
         Since Miller’s affidavit was the only evidence offered by appellant in support
of its special appearance, we conclude appellant has failed to meet its burden of
negating all bases of jurisdiction alleged by appellees. Appellant’s sole issue is
overruled.
IV. CONCLUSION

         We affirm the trial court’s denial of appellant’s special appearance.                                                                                           
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Opinion delivered and filed
this 19th day of February, 2004.